IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER NELSON, | ) | Case No. 3:17CV02428 |
| Petitioner, | ) ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) | |
| ED SHELDON, | ) ) | MEMORANDUM OPINION |
| Warden, | ) ) | |
| Respondent. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Jonathan D. Greenberg. The Report and Recommendation (ECF #10) issued on January 31, 2019, is hereby ADOPTED by this Court.

## I. Procedural History

Petitioner, proceeding *pro se*, filed for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his conviction for murder, felonious assault, and participation in a criminal gang. (Doc. No.1.) Magistrate Judge Jonathan D. Greenberg recommended that the Petition be dismissed. (ECF #10). The Petitioner filed his objections to the Magistrate's Report. (ECF #13).

## II. Standard of Review

The Court has reviewed *de novo* those portions of the Magistrate Judge's Report and Recommendation to which objections have been made. *See* Fed. R. Civ. P. 72(b).

## III. Analysis

Petitioner alleges the following grounds for relief: 1) denying Petitioner's motion to suppress statements obtained without *Miranda* warnings in violation of the Fifth Amendment, 2) claiming ineffective assistance of counsel, 3) denying the Rule 29 motion and challenging the sufficiency of evidence regarding Petitioner's criminal gang conviction, and 4) arguing the convictions are against the manifest weight of the evidence. For the following reasons, the Court finds that Petitioner's objections raise no arguments, both factual and legal, that have not been fully addressed by the Magistrate's Report and Recommendation.

The Magistrate correctly dismissed grounds two and three because of procedural default. Petitioner failed to exhaust his state remedies prior to raising claims in a federal habeas corpus proceeding. *See* 28 U.S.C. § 2254(b),(c). Additionally, Petitioner did not provide any valid argument to allow a merits review of the otherwise procedurally defaulted claims. Grounds one and four were reasonably dismissed based on a review on the merits.

In his objection, Petitioner asserts that grounds two and three should not be procedurally defaulted because of the time limit for appeal to the Ohio Supreme Court, his *pro se* status, and his mental incompetence are extraordinary circumstances which warrant relief from procedural default. As discussed by the Magistrate, the right to appointed counsel extends to the first appeal as of right, and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see also Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (quoting *Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 751 (6th Cir. 2011)) (stating that to qualify as "extraordinary circumstances," the petitioner must show more than just his status as *pro se* or his limited access to a law library.)

Since Petitioner was appealing beyond the first appeal of right, he did not have the constitutional right to appointed counsel. Additionally, Petitioner has failed to provide proof of mental incompetency, and, thus, is not under extraordinary circumstances which would provide relief from procedural default. Therefore, the Petitioner's objection is without merit, and the Magistrate Judge correctly denied the Petitioner's second and third claims for relief under procedural default.

### IV. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make a "substantial showing" of the denial of the constitutional right, a habeas prisoner must demonstrate "that reasonable jurists could debate whether…the petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595,

1604, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 889, 103 S. Ct. 3383, 3393, 77 L. Ed. 2d 1090 (1983).

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. For the reasons outlined in the Magistrate Judge's Report and Recommendation, a reasonable jurist could not conclude this court's assessment of Petitioner's claim is debatable or wrong. Accordingly, the Court declines to issue a certificate of appealability.

## V. Conclusion

The Magistrate's Report and Recommendation fully and correctly addresses all of the Petitioner's claims, and the Petitioner's objections are unwarranted. This Court, therefore, adopts the Magistrate's report in its entirety. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed R. App. P. 22(b).

IT IS SO ORDERED.

DATED: May 24, 2019

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge